[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11641

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAQUISHA MCFARLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00005-TKW-3

_____

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Laquisha McFarland, a federal prisoner proceeding *pro se*, appeals the district court's denial of her motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). On appeal, she argues that her two prior California convictions were erroneously assessed criminal history points because the convictions were expunged under California law. Because her convictions should not have been assessed any criminal history points, she contends that the district court should have found that she had a criminal history score of zero at the time she was sentenced.

"We review a district court's denial of a motion for a sentence reduction pursuant to §3582(c)(2) for an abuse of discretion." *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). We review *de novo* a district court's determination regarding the scope of its legal authority under § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tanenenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Section 3582(c)(2) of Chapter 18 of the United States Code permits a district court to reduce a sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," so long as "such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has indicated that sentence reductions are permissible when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment" listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a).

Courts must follow a two-step inquiry to evaluate a motion for a sentence reduction. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). First, the court must recalculate the guideline range under the amended guidelines to determine whether a retroactive amendment lowered the defendant's guideline range. *Id.* Section 3582(c)(2) "does not authorize a sentencing or resentencing proceeding." *Id.* at 825. "[O]nly the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) (quotation marks omitted). The district court's discretion is clearly "cabined" to sole consideration of the Guideline that has been amended since the original sentencing. *Id.* at 781.

If a district court determines that a defendant is eligible for a sentence reduction under § 3582(c)(2), it next must consider the relevant § 3553(a) factors to determine whether, in its discretion, such a reduction is warranted. 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 827.

In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Commission,

4                    Opinion of the Court                    24-11641

*Adopted Amendments (Effective November 1, 2023)*, Amendment 821. As relevant here, Part B of Amendment 821, which the Commission stated should be applied retroactively, added a new section, § 4C1.1 (2023), which provided a two-level reduction in a defendant's offense level if the defendant satisfies ten criteria, including that the defendant did not receive any criminal history points from Chapter 4, Part A.   U.S.S.G. amends. 821, 825 (2023); *see also* U.S.S.G. § 1B1.10.[1]

Here, the district court did not abuse its discretion by denying McFarland's § 3582(c)(2) motion.  McFarland was sentenced on January 25, 2024, and the zero-point offender guideline of § 4C1.1 that McFarland cited in her motion went into effect several months *prior* on November 1, 2023.  *See* U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), Amendment 821.  Therefore, the district court did not abuse its discretion in denying McFarland's motion as she failed to present any retroactive amendments that went into effect after her sentencing on which the court could have based a reduction under § 3582(c)(2). 28 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a).

Moreover, a § 3582(c)(2) motion was not a proper vehicle for attacking the district court's findings regarding her criminal history score and criminal history category because the district court's

---

[1] Amendment 831, which became effective in November 2024, made "technical changes to § 4C1.1" by dividing "subsection (a)(10) into two separate provisions (subsections (a)(10) and (a)(11))."  U.S.S.G. amend. 831 (2024).

24-11641                Opinion of the Court                    5

discretion under such a motion is restricted to deciding whether the defendant's sentence should be reduced based on a retroactive amendment to the Guidelines that went into effect after the original sentencing. *See Dillon*, 560 U.S. at 825; *Bravo*, 203 F.3d at 781. Additionally, the court properly considered the § 3553(a) factors and determined that a reduction would not be warranted even if McFarland were eligible under § 3582(c)(2). *Dillon*, 560 U.S. at 827.

**AFFIRMED.**